**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2013, 9:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JORGE L. GONZALEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1206-CR-335 |
| STATE OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker
Cause No. 20C01-1108-FA-17

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jorge L. Gonzalez appeals one of his three convictions of Class A felony dealing in cocaine[1] and the fifty-year sentence imposed therefor. Because sufficient evidence supported the conviction and because Gonzalez did not demonstrate that sentence is inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2010, and December 9, 2010, an undercover agent saw Gonzalez sell more than three grams of cocaine as part of a controlled buy. On both occasions, the buyer was an informant who had known Gonzalez for two years prior to the transactions.

On April 24, 2011, Gonzalez agreed to sell more cocaine to the informant, but he told the informant he was not available to meet, so his uncle would handle the transaction. The informant obtained the cocaine from Gonzalez's uncle. The informant did not, however, pay the full price for the cocaine when it was delivered, so the informant and the undercover agent met Gonzalez a few days later to pay the balance.

Based thereon, Gonzalez was convicted of three counts of Class A felony dealing in cocaine. The trial court imposed the maximum sentence of fifty years for each count and ordered the sentences served concurrently.

## DISCUSSION AND DECISION

1.    <u>Sufficiency of the Evidence</u>

When reviewing sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane*

---

[1] Ind. Code § 35-48-4-1.

*v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We affirm the judgment unless no reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt. *Id*. Evidence need not overcome every reasonable hypothesis of innocence and is sufficient if reasonable inferences may be drawn from it to support the conviction. *Id*. at 147. We do not reweigh the evidence or judge the credibility of witnesses. *Id*. at 146.

Gonzalez contests his conviction of the third count, which was premised on the April 24 transaction. The elements of Class A felony dealing in cocaine are met when the accused knowingly or intentionally delivers three grams or more of cocaine. Ind. Code § 35-48-4-1. A defendant may be convicted based on another's commission of an offense if the defendant knowingly or intentionally aided, induced, or caused the other to commit an offense. Ind. Code § 35-41-2-4.

Gonzalez argues the evidence is insufficient to support his conviction for two reasons. First, he contends the undercover agent did not have proof that Gonzalez talked to the informant to set up the transaction between Gonzalez's uncle and the informant. Second, Gonzalez's involvement in the other two transactions cannot support the inference he was guilty of the third transaction. *See Conklin v. State*, 587 N.E.2d 725, 727 (Ind. Ct. App. 1992) (law prohibits fact-finder to infer from the past sale of cocaine that "once a cocaine dealer, always a cocaine dealer"), *summarily aff'd* 596 N.E.2d 1369, 1369 (Ind. 1992).

There is sufficient evidence to permit Gonzalez's conviction of the third count. The informant testified Gonzalez told him he could not attend the transaction, so his uncle would replace him. Because the buyer gave the uncle only a portion of the money for the cocaine,

3

the buyer gave more money directly to Gonzalez two days later, and then the undercover agent was with the buyer when Gonzalez personally collected the remaining balance yet another day. Based on this evidence, a trier of fact reasonably could infer that Gonzalez knowingly or intentionally aided, induced, or caused his uncle to knowingly or intentionally deliver at least three grams of cocaine on April 24, 2011. *See Wallace v. State*, 498 N.E.2d 961, 964 (Ind. 1986) (accused's introduction of undercover agent to drug seller sufficient to infer accomplice liability).

2.      Inappropriate Sentencing

Gonzalez also asserts the sentence for that third conviction is inappropriate in light of his character and offense. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g on other grounds* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Class A felony is twenty to fifty years, and the advisory sentence is thirty years. Ind. Code § 35-50-2-4. Gonzalez asserts the transaction "contains nothing particularly

4

egregious," (Br. of Appellant at 18), and the amount of cocaine, which was an element of the offense, should not impact our evaluation of the nature of the offense. While only three grams of cocaine is necessary to permit a conviction of a Class A felony, Ind. Code § 35-48-4-1(b)(1), Gonzalez coordinated the sale of over 500 grams of cocaine on April 24. Gonzalez involved his uncle in the delivery of the cocaine, collected part of the payment in a youth activity center where he coaches soccer, and brought his girlfriend and her child to a meeting to collect the remainder of the payment. All of those facts lead us to believe his crime is more egregious than the "typical" Class A felony dealing in cocaine conviction.

As for Gonzalez's character, one relevant fact is a defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Prior to these three convictions, Gonzalez criminal history consisted of one felony conviction of strangulation and nearly a dozen misdemeanor convictions for such varied offenses as domestic battery, driving without a license, public intoxication, resisting law enforcement, criminal conversion and criminal trespass. Gonzalez committed the dealing offense at issue while on probation and has had probation revoked more than once. His use of illegal drugs, commission of these crimes near a youth activity center, and his status as an illegal alien also do not reflect well on his character.

Based on these facts, we cannot say the sentence is inappropriate in light of Gonzalez's character and the nature of his offense.

**CONCLUSION**

Sufficient evidence supported Gonzalez's conviction of the third count of Class A felony dealing in cocaine, and he did not demonstrate his sentence for that crime was inappropriate. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.